## Ripperdon *vs* Cozine, &c.

ERROR TO THE WASHINGTON CIRCUIT.

*Vendor's lien.    Assignment of notes.*

CHANCERY.

*Case* 115.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

*July* 1.

Case stated.

CLEMENTS, the vendor of a tract of land to Mitchell, assigned the note for the last instalment of the purchase money, to Grundy, who passed it by delivery merely, to Vanarsdall, with the understanding that neither he nor Clements was to be liable upon it, and that it would be used by Vanarsdall in paying a debt he owed to Mitchell. Vanarsdall did not make the expected use of the note, but on the 5th of July, 1842, transferred it to Cozine, &c., as a security or payment of debts which he owed to them.

On the 28th day of January, before the transfer of the note to Cozine, &c., Clements conveyed the land to Mitchell by deed, acknowledging full payment of the consideration. After the execution of this deed, Mitchell sold about 187 acres of the land to Ripperdon, the residue having been previously sold by him, and the notes for the purchase were transferred to Berry as security for a debt due from Mitchell. This transfer was subsequent to the transfer to Cozine of the note of Mitchell for a part of the purchase mon-

ey for the same land. Cozine, &c. having by suit in the name of Grundy, obtained judgment on this last note, and pursued Mitchell to insolvency without satisfaction, filed their bill against Clements, Mitchell, Berry, Ripperdon, and Leachman and Lowe, the three last being vendees of the land from Mitchell. The object of the bill was to assert and enforce a lien on the land conveyed by Clements to Mitchell for the payment of the note of Mitchell for the purchase money. The administrators of Grundy, the assignee of the note, were made parties, but Lowe having died during the progress of the suit, there was no revivor against his representatives.

The assignee of a note given for land, has a lien for the same upon the land, tho' it be conveyed to a sub-purchaser, even without notice that the consideration was not paid. So has a bonafide owner of the note without assignment : *Hunt* vs *Brand's heirs*, (6 B. Monroe, 562,) so far as a purchaser has not paid for it.

Assuming that the purchasers from Mitchell and the assignee of the notes executed to him for the purchase money, were all ignorant of the non-payment of the price of the land by Mitchell to Clements, still the lien of Clements having passed by the assignment of Mitchell's note, was not destroyed by the conveyance of the land to Mitchell. The case of *Hunt* vs *Brand's heirs*, (6 B. Monroe, 562,) decides, that even if the note had remained in the hands of Clements, his lien would have remained good, not only against Mitchell, but against his vendees, so far as they had not paid for the land before notice of the lien, and although their notes for the purchase money may have been in the hands of assignees who had taken them for value, without notice of the lien. Grundy, the assignee of Clements, had of course an equal equity. And it passed with the note to Vanarsdall and his transferees.

The fact that the holder of a note passed it without assignment, has no recourse upon the purchaser from whom he received it, does not affect the lien which exists upon the land for which it was given for its payment; the lien passes to each holder without assignment.

The fact that Vanarsdall had no recourse upon Grundy or Clements, did not sever the lien from the note, but as he acquired the equitable right to the note itself, he acquired with it the equitable right to all remedies for its enforcement. It is to be presumed that he gave a fair consideration for it, and as he took it under no restriction except as to his recourse upon the assignors, the failure of the expected arrangement by which it might have paid his debt to Mitchell, left him free to adopt all other proper means of coercion. The continued subsistence of the lien in his favor, or for his benefit,

did not depend upon the existence or continuance of a personal liability of the assignors to him, nor upon there being a written transfer of the note passing the legal title. But it passed to him by the delivery of the note for his benefit, and it passed from him to the complainants by his transfer and delivery to them.

Then as the purchase money for a part of the land, payable by Ripperdon to Mitchell, and assigned to Berry, had all become due and remained unpaid at the time of the decree, to an amount nearly equal to the sum due on Mitchell's note to Clements, for which the lien is asserted, the enforcement of his lien upon the land purchased by Ripperdon to the extent of his indebtedness for it, is in effect nothing more, so far as he is concerned, than the enforcement of the lien arising on Mitchell's sale to him, or the enforcement of the purchase money due from him on that purchase; and he is only interested in being secured against a double payment, by a proper disposition of his notes executed to Mitchell, or of the payments which he may be compelled to make, and which should go in discharge of those notes. It is true, the notes might have been discharged in property. But as they promise payment of a certain sum on a certain day, in property of a particular description, they have, by the failure thus to pay them, been converted into a mere money demand equivalent to the sum expressed on their face. As the complainants being equitable owners of the notes of Mitchell to Clements have a better equity than Berry to subject the land to the payment of their claim, so far as Ripperdon has not paid, they might if necessary, sell the whole of his land for that purpose. And as Ripperdon has no right to contribution from the other purchasers from Mitchell to help him pay his own debt, he has no right to require that they or either of them should be made parties, or to complain that the suit was not revived against Lowe's representatives, even if any part of the purchase money remained due from Lowe. Berry, it is true, having a lien on the land of Ripperdon alone, may have the right, so far as it can be equitably done, to require of the complainants to enforce such lien as they

Ripperdon
vs
Cozine, &c.

may have upon the land sold to Leachman and Lowe, or may claim the benefit of that lien, if they do not enforce it for their own debt. But they would have the option to enforce their lien upon the land of Ripperdon alone, so far as he has not paid the price on his purchase. And as Lowe appears to have paid up all of his purchase to Mitchell, and to have received a deed before the notes of Ripperdon were assigned to Berry, and indeed before the sale to Ripperdon, and, as therefore Lowe, even if the complainants have any lien as against him, had a better equity to throw them upon the land subsequently sold to Ripperdon, than Berry has to throw them upon the land sold to Lowe; and as Berry does not, by answer or cross bill, set up any such claim, nor even deny notice of the equity of the complainants, nor alledge ignorance of the purchase and payment by Lowe before the purchase of Ripperdon, we are of opinion that the complainants were not bound to revive the suit against Lowe for the benefit of Berry, any more than of Ripperdon. The decree enforces the complainant's lien against the land sold to Leachman for $5 remaining unpaid by him. And neither Ripperdon nor Berry have a right to complain that either Leachman or Lowe has not been decreed to pay again what they had before paid to Mitchell.

The decree, therefore, so far as Ripperdon and Berry were concerned, should have merely directed a sale of the land sold to the former by Mitchell, or of so much as would produce the sum due therefor from Ripperdon, to be paid to the complainants upon their demand, and should have provided that the sum thus produced and applied, should be a credit on the notes of Ripperdon to Mitchell, in the hands of Berry, leaving the complainants to coerce from other sources, the residue of their demand which might remain unpaid, and leaving Berry to coerce the remainder of the debt on the notes assigned by Mitchell.

*A purchaser of a part of a tract of land, on which there exists a lien for a part of the price, but who has not paid for it, may be decreed to pay the remainder due upon his purchase to the holder of the note for the first purchase, without bringing the first purchasers before the Court.*

It was erroneous to decree a rescission of the contract of sale between Mitchell and Ripperdon. It is prayed for by no party in the cause, and it was not necessary for any purpose of the suit or of the relief to be

granted. Ripperdon has a right to a conveyance of the land on payment of the purchase money, or to a conveyance of so much as may remain after the enforcement of the lien of the complainants, and when he shall complete the payment of the price. He is, therefore, prejudiced by this error.

Berry is also prejudiced by the annulment of the notes from Ripperdon to Mitchell, consequent upon the rescission of their contract. The notes should have been credited as before suggested. The error of this part of the decree is apparent from what has already been said.

The complainants are prejudiced by the allowance made to Ripperdon for improvements made on the land after his purchase, and of which he will receive the benefit in the enhanced value of the land, and as it is to be presumed, in the price which it will bring if sold under the decree. If the contract were properly rescinded, there might be an account of rents and improvements. But in executing it, as will in effect be done, by a sale for the purchase money, the purchaser is entitled to no such account. His labor goes to the payment of his own debt.

We are not prepared as the case now stands, to decide that Clements made himself liable to Vanarsdall in his transfers, by making the deed acknowledging payment, or that the complainants are entitled to any further relief than as herein before indicated. There was no error, therefore, on that subject.

The decree being inconsistent with the principles of this opinion in the particulars above noticed, and being therein prejudicial to some extent, to each of the parties who have assigned errors on the record, the same is reversed upon the original errors of Ripperdon, and on the cross errors respectively, of Berry and the complainants, and the cause is remanded for a decree in conformity with this opinion. Each party in this Court, is entitled to the costs of his own proceedings.

*Shuck and Thurman* for Ripperdon and Berry; *Wickliffe and Brown* for Cozine, &c.